UNITED STATES DISTRICT COURT
              FOR THE MIDDLE DISTRICT OF TENNESSEE
                      NASHVILLE DIVISION

NIKKI CROFT,                    )
                                )
    Plaintiff,                  )
                                )
    v.                          )    NO. 3:12-0912
                                )    Judge Campbell/Bryant
FRANK WILSON, et al.,           )
                                )
    Defendants.                 )

TO: The Honorable Todd J. Campbell

### REPORT AND RECOMMENDATION

Defendants have filed their motion for judgment on the pleadings (Docket Entry No. 18), by which they seek dismissal of all claims against the individual defendants, Wilson and Sigears, as well as dismissal of the punitive damages claim against the remaining defendant, Clarksville-Montgomery County School System ("CMCSS").

Plaintiff, who is proceeding pro se, has filed no response in opposition to this motion, and the time within which she was obligated to do so has expired.

For the reasons stated below, the undersigned Magistrate Judge RECOMMENDS that the complaint be dismissed for failure to state a claim against defendants Wilson and Sigears, and that the punitive damages claim against CMCSS be dismissed as well.

### Statement of the Case

Plaintiff Croft has filed her complaint under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 20000e, et seq., alleging employment discrimination based upon her race and retaliation. According to the complaint and its attachments,

plaintiff was employed in August 2007 as a teacher in the Montgomery County School System. Her employment was terminated on March 29, 2010, allegedly because of her race as an African-American and because of alleged retaliation for her complaints of unfair treatment. Plaintiff has named as defendants her former principal, Frank Wilson, and assistant principal, Kim Sigears, as well as CMCSS.

### Standard of Review

Motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure are reviewed pursuant to the same standard as that applicable to motions to dismiss under Rule 12(b)(6). Poplar Creek Development Co. v. Chesapeake Appalachia, LLC, 636 F.3d 235, 240 (6th Cir. 2011).

In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, the court must view the complaint in the light most favorable to the plaintiff, accepting all well-pleaded factual allegations as true. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). This requirement of accepting the truth of the complaint's factual allegations does not apply to legal conclusions, however, even where such conclusions are couched as factual allegations. Id. Although Federal Rule of Civil Procedure 8(a)(2) requires merely "a short and plain statement of the claim," the plaintiff must allege enough facts to make the claim plausible. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007). He must plead well enough so that his complaint is more than "a formulaic recitation of the elements of a cause of action." Id. at 555. "The factual allegations, assumed to be true, must do

2

more than create speculation or suspicion of a legally cognizable cause of action; they must show entitlement to relief." League of United Latin American Citizens v. Bredesen, 500 F.3d 523, 527 (6th Cir. 2007).

While a pro se complaint is "to be liberally construed" and "must be held to less stringent standards than formal pleadings drafted by lawyers," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)), "basic pleading essentials" still apply. See Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1990). Moreover, "[d]istrict courts are not required to conjure up questions never squarely presented to them or to construct full blown claims from sentence fragments. To do so would 'require . . . [the courts] to explore exhaustively all potential claims of a pro se plaintiff, . . . [and] would . . . transform the district court from its legitimate advisory role to the improper role of advocate seeking out the strongest arguments and most successful strategies for a party.'" Dixie v. Ohio, 2008 WL 2185487, at *1 (N.D. Ohio, May 23, 2008) (quoting Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985)).

## Analysis

Plaintiff has not responded in opposition to defendants' motion. Nevertheless, a district court cannot grant a motion to dismiss under Rule 12(b)(6) simply because the adverse party has not responded. The Court is required, at a minimum, to examine the movant's motion to ensure that he has discharged his burden. Carver v. Bunch, 946 F.2d 451, 455 (6th Cir. 1991).

3

Personal Liability of Defendants Wilson and Sigears. Although Title VII affords a remedy to a plaintiff who has suffered wrongful employment discrimination by her employer, this statute does not impose individual liability upon an employee, provided that the employee himself cannot be classified as an "employer" under Title VII. Bangas v. Potter, 145 Fed. Appx. 139, 141 (6th Cir. 2005). The Sixth Circuit has explicitly held that an individual employee or supervisor, who does not qualify as an "employer," may not be held personally liable under Title VII. Wathen v. General Electric Co., 115 F.3d 400, 405 (6th Cir. 1997). From the complaint it appears that defendant Wilson was a principal at the CMCSS school where plaintiff was employed as a teacher and that defendant Sigears was an administrator at that same school. It further appears that the CMCSS was plaintiff's employer for purposes of Title VII, and that defendants Wilson and Sigears were also employees of the school system in administrative roles. Accordingly, under the authority cited above, Title VII does not permit fellow employees and supervisors to be sued in their individual capacities and the complaint against these two individual defendants, therefore, must be dismissed for failure to state a claim.

Punitive Damages Claim Against CMCSS. Title 42, United States Code, Section 1981a(b)(1) states in pertinent part as follows:

> A complaining party may recover punitive damages under this section against a respondent (**other than a government, government agency or political subdivision**) if the complaining party demonstrates

> that the respondent engaged in a discriminatory practice or discriminatory practices with malice or with reckless indifference to the federally protected rights of an aggrieved individual.

(emphasis added). Congress amended Title VII in 1991 to permit punitive damages in Title VII actions, but the amendment specifically exempted governments, government agencies and political subdivisions. <u>Robinson v. Runyon</u>, 149 F.3d 507, 516 (6th Cir. 1998). It appears from the complaint that CMCSS is a governmental agency of the City of Clarksville and Montgomery County. Accordingly, under the foregoing authorities plaintiff Croft may not recover punitive damages against CMCSS and, therefore, the punitive damages claim in her complaint must be dismissed for failure to state a claim.

## **RECOMMENDATION**

For the reasons stated above, the undersigned Magistrate Judge RECOMMENDS that defendants' motion for judgment on the pleadings be GRANTED, that the claims against defendant Wilson and defendant Sigears be DISMISSED in their entirety, and that the claim for punitive damages against defendant CMCSS be DISMISSED for failure to state a claim.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days from service of this Report and Recommendation in which to file any written objections to this Recommendation, with the District Court. Any party opposing said objections shall have fourteen (14) days from receipt of any

5

objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. <u>Thomas v. Arn</u>, 474 U.S. 140 (1985), <u>reh'q</u> <u>denied</u>, 474 U.S. 1111 (1986).

       **ENTERED** this 20th day of December 2012.

                                   <u>s/ John S. Bryant</u>
                                   JOHN S. BRYANT
                                   United States Magistrate Judge

6

Case 3:12-cv-00912   Document 21   Filed 12/20/12   Page 6 of 6 PageID #: 130